Common Pleas Court of Wood County.

IN RE ESTATE OF MARY M. HELFRICH.

Decided March 22, 1933.

*Dorothy I. Hyde, Bartholomew, Leeper & Griswold,* for claimant.

*M. G. Leatherman, Williams, Eversman & Morgan, Elmer G. McClelland* and *Earl K. Solether,* for exceptor.

CONN, J.

This case comes into this court on appeal from a finding and judgment made by the Probate Court of this county, and was submitted on the schedule of claims, debts and liabilities against the estate of Mary M. Helfrich deceased; the disposition of same by Hazele L. Chamberlin, Administratrix; the transcript of the docket and journal entries, exceptions filed by Robert C. Helfrich an heir, the evidence adduced and the arguments and briefs of counsel.

It appears that exceptions were filed to two items only of the schedule of debts, being the claims of Pearl H. Helfrich, a daughter of decedent and a sister of the administratrix. One claim was for personal services rendered decedent in the amount of $17,212.00 and the other claim for cash disbursements made by her on behalf of her mother in the amount of $3,702.26. The Probate Court determined that the two claims in question should each be reduced in amount and then allowed. The court found that the claimant was entitled to receive $9,000 for services and $3,600 for cash disbursements made by her, and made its order accordingly. Exceptions were saved on behalf of Robert C. Helfrich and notice of appeal given.

At the threshold of this case, we are met with the schedule of debts sections of the new Probate Code, being Sections 10509-118, 10509-119 and 10509-120, General Code. The court is obliged to construe these sections and apply them in determining the issues in this case. Briefly stated, they direct the executor or administrator to make return upon oath into court a schedule of known debts against the estate, amount claimed, whether allowed or rejected, and it is also provided that time shall be fixed for hearing, that at least ten days notice be given by registered mail or otherwise, unless waived, and that exceptions may be filed at any time prior to five days before the hearing; that upon the hearing, the court must enter its findings. Provision is made for an appeal to the Common Pleas Court in cases where exceptions are filed.

It appears that the language of these sections is mandatory in form and the Probate Court is directed to make its finding on the journal and tax the costs as may be equitable. In other words, these new sections of the code not only authorize, but direct the court to determine the issues of law and fact, where exceptions are filed.

In these instances where the exceptions filed raise an issue of fact, as in the case at bar, the court must assume the function of the jury, weigh the evidence and make its findings. It must be apparent that before the court

can determine the merits of the case at bar, it must first determine the true meaning and application of this innovation in our Probate Code, and if possible, make it fit into the scheme of our substantive and remedial law. This requires some consideration of the Constitutional guaranty of the right of trial by jury. It is well settled that the right of trial by jury means the right as it existed at Common Law, Vol. 24 O. Juris., page 139, Section 9. The issues of law and fact in this case come within the rules of the common law.

Section 11379, General Code provides how issues of law and fact are to be tried, as follows:

"Issues of law must be tried by the court, unless referred as hereinafter provided. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided."

Section 11469, General Code provides that in an action arising on a contract the trial by jury may be waived by the parties, and in other actions, with the consent of the court, a jury may be waived in the manner enumerated therein.

Section 10501-32, General Code of the Probate Code specifically provides that all questions of fact shall be determined by the Probate Judge, "unless otherwise provided by law." The language of Section 10501-30, General Code is noteworthy. The pertinent provisions are, "whenever a jury is required in a trial in the Probate Court, etc." The statute does not read, "whenever a jury is demanded." A jury is "required" in all cases where the right of trial by jury is guaranteed by the Constitution, unless waived in form and manner provided by statute. However, the statute in question appears to exclude the right to submit issues of fact to a jury in all cases arising under its mandatory provisions.

The right of trial by jury has been before our courts in numerous instances and is uniformly upheld in respect to all actions for money cognizable under the common law. The Supreme Court of Ohio has spoken emphatically

touching this question on many occasions. We call attention particularly to the case of *Gibbs* v. *Village of Girard,* 88 Ohio St., 34, where the trial court had sustained defendant's motion for a directed verdict and which action of the court was subsequently affirmed by the Circuit Court. The lower courts were reversed. We call attention to the forceful language of the court concluding its opinion on page 47:

"So long as the trial by jury is a part of our system of jurisprudence, its constitutional integrity and importance should be jealously safeguarded. The right of trial by jury should be as inviolate in the working of our courts as it is in the wording of our constitutions."

The law of the case touching this question is found in the second section of the syllabi, as follows:

"The right of trial by jury being guaranteed to all our citizens by the Constitution of the State, cannot be invaded or violated by either legislative act or judicial order or decree."

Without extending this discussion further, we have reached the conclusion that the schedule of debt sections of the Probate Code are in *pari materia* with Sections 10501-30, 10501-32, 11379 and 11469, General Code, and must be construed together in giving effect to the legislative intention. It follows therefore that the mandatory language of the statute under consideration, does not require the court to weigh the evidence and is applicable only in a case where the issue is one of law. In any case where the issue involves a question of fact, the court is without authority to determine such issue and is therefore obliged to disallow such item or items in the schedule, to which exceptions are filed, and leave the claimant to his remedy as provided for in the Code of Civil Procedure.

Assuming the conclusions heretofore reached are unsound, as they may be, we have considered the further question of the competency of the evidence adduced on behalf of claimant over objection of the exceptor. It is urged with much persuasion by counsel for the exceptor

that the evidence in question is not admissible under Section 11495, General Code. Counsel claim that this is an adversary proceeding in all essential respects and that since the claim has been allowed by the administratrix, the position of the administratrix as well as claimant, is adverse to the position of the exceptor. It is further contended that the evidence objected to comes within the "reason and spirit" provision of the above section and that on this ground also, the testimony must be excluded.

This contention is met by counsel for claimant with equal force and persuasion in both oral argument and by brief.

It is contended that the claimant is not a party within the meaning of Section 11495, General Code. That the meaning of the word "party" is determined from the record and includes only such persons as appear as party plaintiff or defendant. Among the authorities cited and relied on is *Powell* v. *Powell,* 78 Ohio St., 331, and Vol. 47 Corpus Juris, pages 14 and 15. It is further contended that the "reason and spirit" clause of said section is applicable only to persons who are parties. The case of *Neuman* v. *Neuman,* 103 Ohio St., 230, is cited as illustrative of the claim that the clause in the section enlarges only the class of persons with reference to whom a party may testify.

After considerable study, the court has determined that the position of claimant is adverse to the estate of decedent, and that she is in fact a party and thereby disqualified, in the first instance, as a witness. The administratrix, having approved this claim and having testified in support thereof, over objection of exceptor, is subject to like disqualification, under the statute.

When the issues of fact that may arise in this case are made up under the established rules of pleading, many, if not all, of the questions as to the admissibility of evidence pertinent thereto, will be eliminated. With the parties designated as plaintiff and defendant, the evidence above referred to may be admissible as coming within one or more of the exceptions found in the statute. As the case

now stands, we feel that the objections interposed to the evidence in question must be sustained.

In view of the foregoing, there must be a finding for the exceptor, Robert C. Helfrich. Counsel may prepare an entry accordingly, with exceptions saved.